**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRUCE TURNER,

    Petitioner,

    v.

WARDEN MONICA RECTENWALD,

    Respondent.

CIVIL ACTION NO. 3:13- CV-918

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

**MEMORANDUM**

Presently before the Court is Magistrate Judge Schwab's Report and Recommendation ("R & R") (Doc. 16) to Petitioner Bruce Turner's Petition for Writ of Habeas Corpus (Doc. 1). The Magistrate Judge recommends that the Petition be dismissed. Petitioner filed timely objections to the R & R (Doc. 17). Because relief under 28 U.S.C. § 2241 is not available to Petitioner, the Petition for a writ of habeas corpus will be dismissed.

**I. Background**

On April 11, 2013, Petitioner, an inmate at Allenwood Federal Correctional Institution, filed, *pro se*, the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1.) In July of 2006, Petitioner was sentenced to 211 months imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Petitioner now challenges his sentence pursuant to the ACCA, arguing that "there no longer exists any more than two" predicate qualifying ACCA convictions.[1] (Doc. 1, ¶ 15). Specifically, Petitioner contends

---

[1]     Section 924(e) requires conviction for three predicate offenses. *See* 18 U.S.C. § 924(e)(1)("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years,

that his simple assault and battery conviction is not an ACCA predicate.

## II. Relevant Procedural History

As set forth in Magistrate Judge Schwab's R & R, in July of 2006, Petitioner was sentenced to 211 months imprisonment under the ACCA based on four state predicate convictions: (1) 1990 assault and battery with a dangerous weapon, (2) 1994 assault and battery with a dangerous weapon, (3)1999 simple assault and battery, and (4) 2001 possession of a Class B substance with intent to distribute.  Petitioner appealed this sentence but the First Circuit affirmed, and the United States Supreme Court denied his petition for a writ of certiorari.

In September of 2008, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, claiming he was provided ineffective assistance of counsel and that his sentence under the ACCA was improper because certain prior underlying state convictions used as predicate offenses were procured in violation of the Constitution. Petitioner amended his § 2255 motion to add a claim of ineffective assistance of counsel. On May 13, 2010 Petitioner filed a second motion to amend, detailing his counsel's failure to object to the use of assault and battery and assault and battery with a deadly weapon as violent felonies under the ACCA.  On June 28, 2011, the district court denied Petitioner's § 2255 motion, rejecting Petitioner's claims of ineffective assistance of counsel and that his sentence under the ACCA was invalid because two of his predicate convictions under the ACCA were invalid.

Petitioner appealed this decision but the First Circuit affirmed the district court.  On appeal, Petitioner characterized his second motion to amend his original § 2255 motion as

---

        and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)").

raising an attack on his ACCA sentence based on the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1(2010).  The First Circuit determined that Petitioner failed to raise this claim in the district court and had thus forfeited it.

### III. The Report and Recommendation

On March 7, 2014, Magistrate Judge Schwab issued an R&R recommending that the instant Petition be dismissed.  Magistrate Judge Schwab concludes that Petitioner's claim that he is "innocent" of the ACCA is not the type of claim that a federal prisoner can bring by way of a § 2241 habeas petition. Petitioner filed timely objections to the R & R. (Doc. 17.) As such, Magistrate Judge Schwab's recommendations, and Petitioner's objections thereto, are ripe for disposition.

### IV. Discussion

**A.     Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district

court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

**B.     Petitioner's Objections to the Report and Recommendation**

Petitioner's first objection to the Magistrate Judge's Report and Recommendation is that "[t]he R&R failed to recognize the 'miscarriage of justice' to excuse any procedural default." (Doc. 17, 1.) Petitioner emphasizes that he is "actually innocent" of the ACCA based on *Johnson v. United States,* 559 U.S. 133 (2010). Petitioner emphasizes that he is entitled to habeas relief because of the extraordinary facts of this case. He argues that at the time of his original § 2255 motion, the *Johnson* claim he now raises was foreclosed by First Circuit precedent, and it did not become apparent to him that his simple assault and battery conviction was not a crime of violence until the Supreme Court issued *Johnson* and the First Circuit Court of Appeals subsequently decided *Holloway v. United States*, 630 F.3d 252 (1st Cir. 2011). Petitioner also argues that this Court can entertain an "actual innocence" claim. *Id.* at 2 (citing *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997)). He maintains that since he filed his § 2255 motion, several circuits have found *Johnson* to be retroactively applicable and therefore that his attempt to add this claim to his § 2255 motion would have been timely and should have been heard. *Id.* at 5.

Petitioner's second objection is that "[t]he R&R failed to address that Petitioner's sentence exceeded the statutory maximum authorized by Congress." *Id.* He reiterates that without the requisite three predicate violent convictions, his maximum sentence authorized by Congress is ten (10) years and that if he was wrongly sentenced under the ACCA, his sentence is unconstitutional.

The "usual avenue for federal prisoners seeking to challenge the legality of their

confinement" is § 2255, rather than § 2241. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Only when the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention may a prisoner may seek relief under 28 U.S.C. § 2241. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). "This is permissible 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Sorrell v. Bledsoe*, 437 F. App'x 94, 96 (3d Cir. 2011) (*Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)). This "safety valve" is available under narrow and unusual circumstances, *Dorsainvil*, 119 F.3d at 248–49, and "§ 2255 is not inadequate or ineffective 'merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent requirements of [ ] § 2255.'" *Sorrell*, 437 F. App'x at 96 (citing *Cradle*, 290 F.3d at 539).

Here Petitioner asserts that he is "innocent" of the ACCA, and thus his claim is properly brought under § 2241. However, the Third Circuit Court of Appeals held in *Dorsanvail* that "relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal." *Id.* (citing *Dorsanvail*, 119 F.3d at 251–52.) Unlike that case, here, Petitioner has not alleged that he is actually innocent of his simple assault and battery conviction. Instead he asserts that his sentence was improperly calculated based on the determination that this conviction qualifies as a predicate offense under the ACCA. As such, the *Dorsainvil* safety valve is not applicable here and the Magistrate Judge's recommendation that relief under § 2241 is not available will be adopted. *See also Okereke*, 307 F.3d at 120–21 (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and not that the crime he was convicted of was not criminal); *Johnson v. Scism*, 464 F. App'x 87, 88 (3d Cir. 2012) (" Here, Johnson is challenging his designation as a career offender. Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241."); *Selby v. Scism*, 453 F. App'x 266, 268

(3d Cir. 2011) (holding that the exception in *Dorsainvil* does not apply where Petitioner argues that he is "'innocent' of a sentencing enhancement" because of an intervening change in law).

## V. Conclusion

For the above stated reasons, Magistrate Judge Schwab's R&R (Doc. 16) will be adopted and Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) will be dismissed.

An appropriate order follows.

| | |
|---|---|
| May 16, 2014<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |